CASE 62—PETITION ORDINARY—DECEMBER 8.

## McCoy v. Gouvion's Executrix.

APPEAL FROM KENTON CIRCUIT COURT.

1. FRAUD IN PROCURING NOTE—NEGLIGENCE—ESTOPPEL.—Where one is induced to sign a promissory note by the fraud of another, he, thinking at the time that he was signing an official document, but negligently failed to put on his glasses so that he might see what was the character of the paper he was signing, and the note fell into the hands of an innocent party, he is estopped as against such party to deny the execution of the note, or his liability thereon in the hands of such third party.

HARVEY MYERS FOR APPELLANT.

1. Under the circumstances of this case the signature of McCoy to the note is in the same attitude as if it had been forged, and the plea of fraud in the execution may be made as against an innocent holder. Hill v. Thixton, etc., 14 Ky. Law Rep., 900.

H. C. THIESSEN FOR APPELLEE.

1. The demurrer to the answer was properly sustained because there is no allegation that the holder of the note was cognizant of the fraud and misrepresentation practiced by Healy in procuring appellant's signature; and appellee's testator was induced to part with his money by reason of McCoy's signature to the note.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee, executrix of Frank Gouvion, brought this action on a promissory note of $500, executed October 6, 1891, due one day after date, to the testator by W. G. McCoy and J. W. Healy. Defense to this action is set up in the answer of appellant McCoy substantially as follows: He was at the date of the note very near-sighted and unable to read or distinguish papers without his glasses; that he was president of the school board of West Covington, and defendant Healy was its treasurer, and it was customary for said

Healy to present orders on the treasurer of said town and other papers pertaining to the management of the schools to appellant to be signed by him and on the occasion of the signature to the note in controversy said Healy presented to appellant, who was then without his eyeglasses, a large number of papers and orders on the treasurer of West Covington to be so signed, and that with said orders and papers said Healy had surreptitiously placed the note in question in such manner appellant could not distinguish it from the other papers, and believing the same to be an order on the treasurer of West Covington, and that he was signing said orders as president of the school board, affixed his name to the note, and not otherwise; that no consideration moved him to sign said note; his signature was procured by the fraud of Healy in the manner stated, and that he did not know he had executed the note for three or four years afterward, when payment was first demanded of him.

On trial of general demurrer to the answer, which was sustained by the lower court, it must of course be assumed that although appellant did, as admitted, put his genuine signature to the note, it was done without consideration; and that by reason of the fraudulent device of Healy he was induced to do so in ignorance of the purport and effect of his act. However, it is not stated in the answer, nor does it otherwise appear, appellee's testator, the payee of the note, connived at or knew of the alleged fraudulent act of Healy. But it is manifest he parted with his money upon faith appellant as well as Healy executed the note and was bound thereby, which belief was confirmed by payment of annual interest for three years succeeding date of note, as shown by the endorsements thereon.

It thus appearing that both the payee and security on the note, as appellant evidently was, having acted without intentional wrong, the question arises whether the former shall suffer loss of his money or the latter be compelled to pay a note he ignorantly and without intention to be bound signed. Plainly and justly that one should be required to sustain the loss who was guilty of fault. The payee committed no wrong; and appellant can not be charged with and made accountable for any fault unless it be of the character that estops him from denying due execution of the note.

To constitute an estoppel ordinarily there must be knowledge of the fact and of its natural effect, and also intention that the other party should act upon it. But in Bigelow on Estoppel, page 476, it is stated that "it seems to be settled that a party's ignorance of the truth of the representation made will not remove the estoppel, if he was bound to know the fact, or if his ignorance is the result of gross negligence;" and numerous authorities are cited in support of the note.

In Griffith v. Wright, 6 Col., 248, it was held that gross and culpable negligence upon the part of the party sought to be estopped, the effect of which is to work a fraud upon the party setting up the estoppel, supplies the place of intent. In Boynton v. Bealin, 54 Ver., 92, there is held to be that there is no estoppel where silence is the result of ignorance of the fact unless the party is guilty of gross negligence in not knowing the facts. In Taylor v. Fox, 10 Mo. App. Repts., 527, it was held that a person who is *sui juris* will not, in absence of a fraud, be permitted to avoid his written obligation by showing that he did not read it or hear it read.

In this case appellant, according to his own statement, had opportunity and means by use of his eyeglasses to ascertain and .know the nature of the note at the time he signed it; moreover, in ordinary discharge of duties of the office of trust he held it was his duty to inspect each paper before signing it. And it does not, therefore, afford to appellant an excuse for failure to examine the note before signing it that Healy deceived and overreached him, because the fraud could not have been committed if ordinary and reasonable care had been used by appellant; but rather it was not only rendered possible, but actually invited by his own culpable negligence.

In our opinion appellant, taking his own statements as true, is now estopped to deny he executed and is bound by his signature to the note, and demurrer to his answer was properly sustained.

Judgment affirmed.